Elizabeth M. Cronan
vs.
Metropolitan Life
Ins. Co.

Eq.No.7455

January 8, 1926

TANNER, P. J. This is a bill in equity brought by the original beneficiary under an insurance policy issued by the respondent company to secure the proceeds on said policy after death of the insured.

It appears by the allegations of the bill that the complainant paid all the premiums on said policy and also endorsed notes for the insured upon the security of said policy of life insurance; that a short time before the death of the insured he changed the beneficiary under said policy but that the complainant notified the insurance company in writing of her equitable claims to the proceeds of said policy, which notice was repeated after the death of the insured but before the respondent company had paid the amount due on said policy.

The case is heard upon the demurrer of the respondent company to the bill, which demurrer is based chiefly upon the ground that the payment of premiums by the complainant gives her no claim upon the proceeds of said policy.

It is quite true that a mere voluntary payment of assessments by a beneficiary gives said beneficiary no such equity as will estop the insured from changing the beneficiary.

John Hancock Mutual Life Ins. Co. vs. Bedford, 36 R. I. 116.

4th Cooley's Briefs on the law of Insurance, p. 3765.

It is equally true, however, that an insured may for a valuable consideration estop himself from changing his designation of beneficiary although such change is authorized by by-law, and where the insured agrees with the beneficiary that if she should pay all assessments and take care of him, he would not change the beneficiary, he can not change the beneficiary without her consent.

4th Cooley's Briefs on the Law of Insurance, pp. 3764, 3765.

The bill alleges that the payments of the premiums and loans and endorsements were upon the security of the insurance policy. This statement is broad enough to include a contract to such effect on the part of the insured with the original beneficiary. We think it would have been better to have stated distinctly that such action upon the security of the policy was with the consent of the insured.

To this extent only the demurrer is sustained.

For Complainant: James H. Rickard.

For Respondent: Tillinghast & Lynch.